UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARSH KATOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CV-938 CAS |
| ) | |
| MEDIQ/PRN LIFE SUPPORT SERVICES, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to serve defendants Brad Armstrong and David Thompson out of time. Plaintiff asserts that he was unable to obtain defendants' addresses until recently. In response, defendant Mediq/PRN Life Support Services, Inc. ("Mediq") filed a motion to dismiss the individual defendants for lack of service and in the alternative for the Court to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims against these defendants.

**Discussion**

Federal Rule of Civil Procedure 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

When addressing a motion to dismiss a complaint because of untimely service, the court must first determine whether the plaintiff has shown good cause for failure to obtain service within the 120 day period. Colasante v. Wells Fargo Corp., 81 F. App'x 611, 612-13 (8th Cir. 2003) (unpublished

per curiam). If good cause is shown, the court must extend the time for service. See Fed. R. Civ. P. 4(m). If a plaintiff does not show good cause, the court has discretion to grant an extension of time for service. See Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). "A showing of good cause requires at least 'excusable neglect'--good faith and some reasonable basis for noncompliance with the rules." Id. Whether good cause has been shown is dependent upon the facts of each individual case. Colasante, 81 F. App'x at 613.

In this case, the Court finds that plaintiff has not shown good cause. Plaintiff filed his amended complaint adding defendants Armstrong and Thompson on February 11, 2005. Therefore, plaintiff had until June 13, 2005, to serve these defendants. In a previous order, the Court informed plaintiff that he had 120 days after the filing of the amended complaint to serve Armstrong and Thompson. See Order of April 6, 2005, p. 1, n. 2. Nonetheless, plaintiff did not obtain summonses for these defendants until August 2, 2005. The Court has recently referred the parties to participate in alternative dispute resolution, which must be completed by October 14, 2005. The discovery deadline in this case is September 30, 2005, and the trial date is March 20, 2006. If plaintiff is allowed to serve defendants Armstrong and Thompson at this late date, all deadlines previously established would need to be modified.

Plaintiff asserts that he did not serve Armstrong and Thompson because they left Mediq's employ, Mediq failed to disclose information to help serve these defendants, and he only recently found their addresses. If plaintiff believed that Mediq had information that would help locate Thompson and Armstrong, he could have filed an appropriate discovery request directed to Mediq, and if necessary, a motion to compel. Plaintiff did not request that summons issue until 170 days after the amended complaint was filed. Plaintiff has not put forth any evidence of the efforts he used to locate these defendants or hindrances in finding Armstrong and Thompson's addresses during the time

2

period that would demonstrate good cause for such a lengthy delay. The Court in the exercise of its discretion will not allow plaintiff to serve these defendants out of time. Plaintiff's remaining claims against defendants Brad Armstrong and David Thompson will be dismissed without prejudice, pursuant to Rule 4(m), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to serve defendants Brad Armstrong and David Thompson out of time is **DENIED**. [Doc. 37]

**IT IS FURTHER ORDERED** that defendant Mediq/PRN Life Support Services, Inc.'s motion to dismiss Counts V, VII, and VIII for failure to serve defendants Brad Armstrong and David Thompson is **GRANTED**. Defendant's alternative motion for the Court to decline to exercise supplemental jurisdiction over these counts is **DENIED as moot**. [Doc. 39]

**IT IS FURTHER ORDERED** that defendants Brad Armstrong and David Thompson are **DISMISSED** from this action **without prejudice**. See Rule 4(m), Fed. R. Civ. P.

An appropriate order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of August, 2005.