UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARSH KATOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CV-938 CAS |
| ) | |
| MEDIQ/PRN LIFE SUPPORT SERVICES, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file an amended complaint, plaintiff's motion for a hearing regarding the Court's Order of November 14, 2005, and defendant's motion for an extension of time and permission to exceed page limitations. For the following reasons, plaintiff's motions will be denied and defendant's motion will granted.

**Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff filed a motion for leave to file a Second Amended Complaint. Plaintiff states that he wants to "mention the applicable law, which is the federal Safe Medical Devices Act of 1990, as well as the regulations 21 C.F.R. Part 803 and the federal Food and Drug Act, 21 U.S.C. § 331 et seq." Plaintiff also states that he did not specifically "mention § 1981 and Title VI." Plaintiff asserts that the evidence is the same and there is no prejudice to the defendant.

Plaintiff's motion will be denied. The Court's Case Management Order of December 3, 2004 states that "All motions for leave to join additional parties or to amend pleadings . . . shall be accompanied by the proposed amended pleading." (Order of December 3, 2004, p. 2). Plaintiff has not attached a proposed amended complaint to his motion for leave as ordered in the Case Management Order of December 3, 2004. The Court cannot ascertain whether plaintiff's amended

complaint would comply with the Federal and Local Rules of this Court, the standard for amended pleadings, and whether it is frivolous. Plaintiff's listing of the statutes he proposes to add to the complaint is insufficient. Therefore, plaintiff's motion for leave to amend will be denied without prejudice.

**Plaintiff's Motion for Hearing on the Court's Order of November 14, 2005**

Plaintiff requests that the Court hold a hearing on issues central to its Order of November 14, 2005. The Court will deny plaintiff's motion. Plaintiff's motion is frivolous and contains arguments that could have been made at the hearing on October 28, 2005. The Court will not revisit its prior rulings. The motion is also denied because the motion exceeds the page limit under the Local Rules and permission to exceed the page limit was not sought.[1]

**Defendant's Motion for an Extension of Time to File Dispositive Motions and Exceed the Page Limit**

Defendant requests an extension of time to file dispositive motions. Defendant asserts that certain transcripts will not be available until after December 1, 2005. For good cause shown, the Court will grant defendant's motion for an extension of time to December 5, 2005, to file dispositive motions. Defendant also requests permission to exceed the page limit by five pages in its memorandum in support of its motion for summary judgment. Defendant may file a memorandum in support of its motion for summary judgment not to exceed twenty (20) pages.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED without prejudice**. [Doc. 76]

---

[1]Local Rule 4.01(D) states, "No party shall file any motion, memorandum, or brief which exceeds fifteen (15) numbered pages, exclusive of the signature page and attachments, without leave of Court."

**IT IS FURTHER ORDERED** that plaintiff's motion for a hearing regarding the Court's Order of November 14, 2005 is **DENIED**. [Doc. 77]

**IT IS FURTHER ORDERED** that defendant's motion for an extension of time to file dispositive motions is **GRANTED**. [Doc. 80]

**IT IS FURTHER ORDERED** that any motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment shall be filed with the Clerk no later than **December 5, 2005**. The memorandum in opposition shall be filed with the Clerk by **January 4, 2006**. The reply brief, if any, shall be filed with the Clerk by **January 16, 2006**. Memoranda in support of or in opposition to a motion for summary judgment shall have attached a statement of uncontroverted material facts in separately numbered paragraphs with citations to the record, as required by Local Rule 4.01(E).

**IT IS FURTHER ORDERED** that defendant's motion to exceed the page limit is **GRANTED**. [Doc. 80]

**IT IS FURTHER ORDERED** that defendant shall file a memorandum in support of its motion for summary judgment not to exceed 20 pages.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of November, 2005.