# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HARSH KATOCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:04-CV-938 CAS |
| MEDIQ/PRN LIFE SUPPORT SERVICES, INC., et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on various motions filed by plaintiff's counsel. Most of these motions are frivolous and will be denied by the Court.

**Motion to Strike Shapiro Affidavit**

First, plaintiff filed a motion to strike an affidavit contained in defendant Mediq/PRN's motion for summary judgment. Plaintiff also filed an overlength memorandum in support of his motion to strike. Plaintiff requests that his motion to strike be ruled upon soon because if it is granted, plaintiff would not need to file a response to defendant's motion for summary judgment. The Court will not rule on plaintiff's motion to strike at this time. Plaintiff's motion can be considered with plaintiff's response to defendant's motion for summary judgment, however, plaintiff needs to file a motion for leave of court to file a memorandum in excess of the page limitations. Local Rule 4.01(D) states "No party shall file any motion, memorandum or brief which exceeds fifteen (15) numbered pages, exclusive of the signature page and attachments, without leave of Court." Plaintiff's motion is 25 pages long. Therefore, plaintiff is ordered to file a motion for leave of court to exceed the page limitations for his memorandum in support of his motion to strike no later than December 27, 2005, or the Court will order the Clerk of Court to delete plaintiff's memorandum from the record. Finally,

if plaintiff wishes to contest defendant's motion for summary judgment, his response must be filed no later than **January 4, 2006**, as previously ordered by this Court on November 29, 2005.[1] Plaintiff's motion to strike Lynne Shapiro's affidavit does not "obviate" a need for plaintiff to respond to defendant's motion for summary judgment.

**Plaintiff's Motion to Strike Defendant's Motion for Contempt**

Second, plaintiff has filed a motion to strike defendant's motion for contempt. Defendant's motion for contempt alleges that plaintiff's counsel has failed to pay its firm the $262.00 sanction ordered by this Court on November 14, 2005. Plaintiff makes several frivolous arguments and assertions in this motion. Plaintiff asserts that defendant should have filed a memorandum of law with its motion for contempt. There is no need to file a memorandum of law to report that plaintiff's counsel has again failed to follow the Court's directives. Also, defendant's counsel need not confer with plaintiff's counsel regarding a Court sanction. Further, plaintiff's argument that there is no deadline to pay the sanction because he filed a motion to reconsider is frivolous. Plaintiff was ordered to pay the sanction within ten days of the Court's order of November 14, 2005. When plaintiff's motion to reconsider was denied on November 29, 2005, the deadline to pay the sanction had passed, therefore, it was due immediately. The Court does not have to give plaintiff's counsel a new deadline.

---

[1] Plaintiff's counsel should be aware that not responding to a summary judgment motion could result in the dismissal of his client's case. Although, "the absence of a response to a dispositive motion does not relieve the Court of its duty to consider the motion on the merits . . . ." Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1006 (8th Cir. 2000), pursuant to Local Rule 4.01(E), "all matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Further, once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Anderson v. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The Court will not address plaintiff's arguments regarding his appeal of the contempt order. Plaintiff can make his arguments to the Court of Appeals. Plaintiff's motion to strike defendant's motion for contempt will be denied.

**Plaintiff's Motion to Vacate Order to Show Cause**

Plaintiff requests that the Court vacate its Order to Show Cause of December 16, 2005. Plaintiff asserts that he did not have time under the Local Rules to respond. Once again, the Court will alert Mr. Chaganti to a correct interpretation of the Rules. Under Local Rule 4.01(C), parties shall file a memorandum in opposition within **five** days of being served with a motion. Defendant's motion was filed on December 12, 2005. Under the local rules, plaintiff's response was due on December 19, 2005. The Court gave plaintiff's counsel until December 22, 2005, eight days later, to file a response. Plaintiff's motion to vacate the Court's Order to Show Cause of December 16, 2005 will be denied.

**Plaintiff's Motion to Strike Deposition Excerpts of Armstrong and Counts**

Fourth, plaintiff's counsel filed a motion to strike the excerpts of depositions of Armstrong and Counts referenced in defendant's motion for summary judgment. This motion and the memorandum in support are a thinly veiled attempt to get the Court to reconsider its prior rulings regarding whether Mediq/PRN withheld the names and addresses of Armstrong and Counts during discovery and their representation by Mediq's counsel. Any bias on the part of Armstrong and Counts can be addressed at trial. If plaintiff has a valid argument to make regarding the Court's consideration of the Counts and Armstrong depositions in ruling on the summary judgment motion, plaintiff needs to address that in his memorandum in opposition. Plaintiff's motion to strike the deposition excerpts of Armstrong and Counts will be denied.

**Motion to Compel Production of Documents or Other Relief**

Plaintiff's motion will be denied as frivolous. The Court has previously addressed plaintiff's discovery requests regarding "daily logs," and will not revisit its prior rulings.

**Motion for Compensation of Services and Reimbursement of Out-of-Pocket Expenses**

Plaintiff's motion will be denied as frivolous. Plaintiff has not cited any authority for awarding a party costs and expenses because the party feels that depositions were unnecessary.

**Conclusion**

Plaintiff's counsel is warned that his attempts to prolong and disrupt the orderly progress of this case will not be tolerated and he should focus his energy on preparing a response to defendant's motion for summary judgment. The Court must observe that plaintiff's counsel rarely follows any of the rules, procedures, and orders of this Court, and complains that he cannot meet deadlines, yet finds time to file several lengthy frivolous motions in short periods of time when he receives adverse rulings.[2] Plaintiff's counsel is warned that the Court has no further patience for his antics in filing frivolous motions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Strike the Affidavit of Lynne Shapiro is held in abeyance.

---

[2] For example, plaintiff received an adverse ruling on September 30, 2005, and subsequently filed four motions between October 1, 2005 and October 11, 2005. Plaintiff received an adverse oral ruling on October 28, 2005. Plaintiff then filed two additional motions on October 28, 2005 and October 31, 2005 before the Court's ruling was put in written form. Then, after the Court issued the October 28, 2005 ruling in a written opinion dated November 14, 2005, plaintiff filed a motion to amend the complaint and motions for reconsideration on November 21, 2005, and November 24, 2005. The Court issued an Order to Show Cause on December 16, 2005 and plaintiff responded with five motions. Two of these motions were filed on December 16, 2005, two motions were filed on December 18, 2005, and one was filed on December 19, 2005.

**IT IS FURTHER ORDERED** that plaintiff shall file a motion to exceed the page limitations regarding his memorandum in support of the Motion to Strike the Affidavit of Lynne Shapiro no later than December 27, 2005. If plaintiff does not file a motion to exceed the page limitations by that date, plaintiff's memorandum in support will be deleted from the record without further notice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Strike Defendant's Motion for Contempt is **DENIED**. [Doc. 88]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Vacate the Court's Order to Show Cause of December 16, 2005 is **DENIED**. [Doc. 89]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Strike Deposition Excerpts of Armstrong and Counts is **DENIED**. [Doc. 90]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Production of Documents or other Relief is **DENIED**. [Doc. 91]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Compensation and Reimbursement of Out-of-Pocket Expenses is **DENIED**. [Doc. 92]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of December, 2005.