UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARSH KATOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CV-938 CAS |
| ) | |
| MEDIQ/PRN LIFE SUPPORT SERVICES, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court regarding the Show Cause Hearing held on this date. The Court ordered plaintiff's counsel Mr. Naren Chaganti to appear before the Court and show cause why he should not be held in contempt of court for failure to comply with the Court's Order of November 14, 2005. In that Order, Mr. Chaganti was ordered to pay defendant's counsel Gallop, Johnson & Neuman $262.00 as a sanction for disobeying a previous oral order of the Court and for failure to appear at plaintiff's deposition. As of this date, Mr. Chaganti has failed to pay the sanction.

**Legal Standard**

"One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000). "Civil contempt sanctions may be imposed for either or both of two distinct purposes, to coerce compliance with a court order, and to compensate the complainant for actual losses sustained by him as a result of the defendants' contumacy." In re Tetracycline Cases, 927 F.2d 411, 413 (8th Cir. 1991) (internal quotation and citation omitted).

"Either incarceration or a fine may accomplish the purpose of coercion, while, where compensation is intended, a fine is imposed, payable to the complainant." Chicago Truck Drivers, 207 F.3d at 505. Civil contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and opportunity to be heard." United Mine Workers of America v. Bagwell, 512 U.S. 821, 827 (1994). The contempt power is a severe remedy, and "therefore it must be carefully and precisely employed." Independent Fed'n of Flight Attendants v. Cooper, 134 F.3d 917, 920 (8th Cir. 1998) (internal quotation and citation omitted).

**Discussion**

At the Show Cause Hearing of December 29, 2005, the Court asked Mr. Chaganti to explain why he should not be held in contempt of court. Mr. Chaganti admitted he was non-compliant. Mr. Chaganti stated that he was non-compliant because he had filed a motion for reconsideration of the Order of November 14, 2005, no new deadline for payment was stated in the order denying the motion for reconsideration, he should not have been sanctioned, and he plans to appeal the order.

Based on Mr. Chaganti's admissions, the Court finds that the facts presented warrant finding Mr. Chaganti in contempt of court by clear and convincing evidence. See Cooper, 134 F.3d at 920; Chicago Truck Drivers, 207 F.3d at 505. The reasons given by Mr. Chaganti for his failure to comly with the Order are not valid and do not show an inability to pay. See Chicago Truck Drivers, 207 F.3d at 505 (citing United States v. Rylander, 460 U.S. 752, 757 (1983)). Mr. Chaganti has completely disregarded the Court's Order of November 14, 2005. The Court believes that Mr. Chaganti should be fined for his contempt of court and to coerce compliance with the Court's Order. Therefore, if Mr. Chaganti does not pay the $262.00 sanction to Gallop, Johnson & Neuman before 5:00 p.m. on January 2, 2006, the Court will impose a fine of $100.00 per day until the sanction is paid.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for contempt of court is **GRANTED**. [Doc. 85].

**IT IS FURTHER ORDERED** that Mr. Naren Chaganti is found in civil contempt of this Court.

**IT IS FURTHER ORDERED** that Mr. Naren Chaganti shall pay the sanction of $262.00 (Two Hundred Sixty-Two Dollars) previously ordered by this Court on November 14, 2005 to Gallop, Johnson & Neuman no later than January 2, 2006 at 5:00 p.m.

**IT IS FURTHER ORDERED** that commencing January 3, 2006, a fine of $100.00 (One Hundred Dollars) per day will be imposed against Mr. Naren Chaganti until there is full and complete compliance with the Court's Order of November 14, 2005.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of December, 2005.