UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARSH KATOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04-CV-938 CAS |
| | ) |
| MEDIQ/PRN LIFE SUPPORT SERVICES, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's "motion to reconsider, vacate, and set aside judgment of March 2, 2006." Plaintiff asserts that the motion is brought under Federal Rules of Civil Procedure 59 and 60 "under the theory that manifest errors of law and fact caused an erroneous judgment in this case." Defendant Mediq/PRN Life Support Services, Inc. ("Mediq") asserts that plaintiff's motion under Rule 59(e) is untimely and that plaintiff has not alleged a proper basis for granting relief under Rule 60. For the following reasons, the Court will deny plaintiff's motion.

**Motion Pursuant to Rule 59**

Because plaintiff is requesting the Court to reconsider its order and judgment, the Court will construe plaintiff's motion as a motion to alter or amend judgment pursuant to Rule 59(e). A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must be made within ten (10) days from entry by the Clerk of the Court of the challenged ruling, and the time for filing such a motion may not be enlarged by the district court. Fox v. Brewer, 620 F.2d 177, 179 (8th Cir. 1980); Fed. R. Civ. P. 59(e), 6(b). The ten-day time period begins to run the day after entry of the relevant ruling, see Fed. R. Civ.P. 6(a), and weekend days are excluded from the period. Parkus v. Delo, 985 F.2d 425, 426 (8th Cir. 1993). Where the motion is untimely the Court lacks jurisdiction to consider

it, see Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir. 1988), so an untimely motion should be denied for lack of jurisdiction as untimely. The judgment in this action was entered by the Clerk of Court on March 2, 2006. Plaintiff filed this motion on March 22, 2006. Therefore, plaintiff's motion is untimely and the Court will deny plaintiff's motion under Rule 59(e) for lack of jurisdiction.

**Motion Pursuant to Rule 60**

Plaintiff does not allege that the Court made any clerical mistakes in its memorandum and order and judgment; therefore, the Court assumes that plaintiff is bringing the instant motion pursuant to Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly-discovered evidence which by due diligence could not have been discovered in time for a Rule 59(e) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or other misconduct of an adverse party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged, or an earlier judgment on which this judgment is based has been reversed or vacated, or it is no longer equitable that the judgment have prospective application, Fed. R. Civ. P. 60(b)(5); and any other reason justifying relief from the operation of the judgment, Fed. R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000); Richards v. Aramark Services, Inc., 108 F.3d 925, 927 (8th Cir. 1997) (internal quotations and citations omitted). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072 (1984). The Court finds that plaintiff has not shown that

relief from judgment should be granted on any of the grounds enumerated in Rule 60(b). Therefore, plaintiff's motion under Rule 60(b) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "motion to reconsider, vacate, and set aside judgment of March 2, 2006" is **DENIED for lack of jurisdiction** to the extent it is brought under Rule 59(e), Fed. R. Civ. P. and **DENIED** to the extent it is brought under Rule 60(b), Fed. R. Civ. P. [Doc. 141]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of April, 2006.