# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

HARSH KATOCH,                                )
                                             )
                    Plaintiff,               )
                                             )
            v.                               )          No. 4:04-CV-938 CAS
                                             )
MEDIQ/PRN LIFE SUPPORT SERVICES,             )
INC., et al.,                                )
                                             )
                    Defendants               )

## MEMORANDUM AND ORDER

Pending before the Court are defendant Mediq/PRD Life Support Services, Inc.'s ("Mediq')

bill of costs [Doc. 150] and motion for award of attorneys' fees pursuant to 28 U.S.C. § 1927 and

the Court's inherent powers. [Doc. 138]  Plaintiff has opposed both the bill of costs and motion for

attorneys' fees.  For the reasons discussed below, the Court will order costs and attorneys' fees in

this case.

### I. Procedural Background

At the outset, the Court notes this case was unnecessarily protracted and contentious.

Plaintiff originally filed his complaint in state court on May 4, 2004, against defendant Mediq and ten

John Does, alleging employment discrimination.  Defendant Mediq, the only properly named

defendant at the time, removed the case on May 23, 2004, on the basis of federal question

jurisdiction.  A case management order was issued on December 3, 2004.[1]  The order contained the

following admonition: "Failure to comply with any part of this Order may result in the imposition of

---

[1]It appears from the beginning that relations between counsel were acrimonious.  In violation of the Court's Rule 16 Order, the parties failed to file a joint proposed scheduling plan because they could not agree on dates.  Looking back, this should have been a sign that the case was going to consume a disproportionate amount of the Court's time.

sanctions, including but not limited to dismissal of the action, entry of a default judgment or restrictions on the admissibility of certain evidence. See Local Rule 5.04." [Doc. 12]

On February 11, 2005, plaintiff filed a first amended complaint against Mediq, David Armstrong, and Brad Thompson. In his amended complaint, plaintiff alleged claims of employment discrimination based on race, religion, color, national origin, age, and disability against defendants Mediq, Thompson, and Armstrong under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e; and the Missouri Human Rights Act, ("MHRA"), Mo. Rev. Stat., § 213.055. Plaintiff also alleged claims of failure to maintain a discrimination-free workplace; harassment and intimidation based on a medical condition – diabetes; retaliation; assault and battery; negligent hiring, supervision, and retention; intentional infliction of emotional distress; negligent infliction of emotional distress; breach of contract; and breach of the covenant of good faith and fair dealing against defendant Mediq. Finally, plaintiff asserted claims of assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress against defendants Brad Thompson and David Armstrong.

On February 22, 2005, defendant Mediq filed a motion to dismiss plaintiff's employment discrimination claims under Title VII and the MHRA against Thompson and Armstrong, although these two defendants had not yet been served. It also moved to dismiss the tort claims against Mediq on the basis these claims were pre-empted by Missouri's workers' compensation laws. The motion to dismiss was granted on April 6, 2005.

On May 2, 2005, the parties filed a joint motion to amend or correct the case management order of December 3, 2004. The Court granted the parties' motion in an order that contained the following language: "Failure to comply with any part of this Order may result in the imposition of

sanctions, including but not limited to dismissal of the action, entry of a default judgment or restrictions on the admissibility of certain evidence. <u>See</u> Local Rule 5.04." [Doc. 26].

On May 17, 2005, Mediq filed its first motion to compel discovery, in which it claimed plaintiff failed to adequately respond to written discovery requests. The Court held a telephone conference regarding the motion on June 23, 2005. During the telephone conference, the parties informed the Court they had conferred regarding the requested discovery, and the issue had been resolved. Accordingly, defendant's motion to compel was denied as moot. The parties agreed to file a joint proposed motion to amend the case management order, in light of issues raised during the conference.

The parties never filed a joint proposed motion to amend the case management order. On July 13, 2005, Mediq filed a second motion to amend the case management order. In that motion, Mediq asserted that plaintiff's counsel, Naren Chaganti, had agreed to extend certain deadlines on the date of the telephone discovery conference, but he had not responded to repeated phone calls and e-mails from Mediq's counsel or signed a joint motion for the Court. Plaintiff did not respond to Mediq's motion. The Court granted the motion to amend the case management order and, once again, noted: "Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to dismissal of the action, entry of a default judgment or restrictions on the admissibility of certain evidence. <u>See</u> Local Rule 5.04." [Doc. 45] In that order, the discovery deadline was extended to September 30, 2005.

On August 18, 2005, after plaintiff moved to serve the individual defendants out of time, defendant Mediq moved to dismiss the individual defendants, Brad Thompson and Dave Armstrong, for failure to serve. The Court denied plaintiff's motion to serve out of time and dismissed these two individual defendants. The Court found plaintiff had not shown good cause to extend the time for

service. In the order the Court noted it had previously informed plaintiff that he had 120 days to serve the individual defendants. The Court also remarked that if plaintiff were allowed to serve the individual defendants out of time and at such a late date, all previously established deadlines would need to be amended, which would further delay the proceedings.

On August 19, 2005, defendant moved to exclude expert testimony relating to the causation or prognosis of any medical or psychological condition of the plaintiff. Defendant made the motion because plaintiff failed to make any expert disclosures, including those of his treating physicians, as required by the case management order. During a hearing on the motion, which took place on September 26, 2005, the Court granted defendant's motion in part, and ruled plaintiff's treating physicians may only testify as to the content of their medical records.

Matters really deteriorated in the fall of 2005. In the afternoon of September 29, 2005, Mr. Chaganti scheduled the deposition of Brad Thompson for the following morning – the very last day of discovery. Defense counsel learned of the scheduled deposition through counsel for Mr. Thompson. Defense counsel then informed Mr. Chaganti that he objected to the deposition on the basis of inadequate notice and intended to seek relief from the Court.

The next day, on September 30, 2005, at approximately 9:00 a.m., defendant filed a motion to quash the deposition for failure to provide adequate notice. That same day, Craig Hoefer, counsel for Mediq, and Mr. Chaganti voluntarily appeared at the Court's monthly discovery docket. At the hearing, the parties not only disputed whether there was proper notice for Thompson's deposition, they also brought to the Court's attention disputes regarding the deposition of plaintiff and other witnesses. Although he had not filed a motion to compel, Mr. Chaganti also told the Court that Mediq had failed to produce discovery, including employment and wage information for Thompson and Armstrong and

4

corporate policies on wages, promotions, hiring, and firing. Mediq responded that it had fully produced all employment information for similarly situated employees.

The Court heard both parties' arguments and asked counsel if they could complete the depositions the following week, which they indicated they could do. The Court granted defendant's motion to quash and ordered the parties to complete the remaining depositions the following week, so that the dispositive motion deadline would not be disturbed. As is the Court's general practice, the Court ordered counsel to draft and submit a proposed order with agreed upon deposition dates for the Court's signature. Generally, attorneys are expected to sign and submit the proposed order immediately following the discovery docket hearing, but here counsel were granted leave to submit the proposed order electronically that afternoon. A proposed order was never submitted.

On October 1, 2005, Mr. Chaganti filed a motion for sanctions against defendant and defense counsel for making false statements regarding their relationship and dealings with the former individual defendants. In his motion, Mr. Chaganti made unfounded allegations that Mediq and defense counsel had engaged in criminal conduct, including bribery and using unduly influence over the individual defendants. Then, on October 11, 2005, defendant filed a motion for sanctions against plaintiff for his repeated refusal to appear for deposition.[2] Mr. Chaganti responded with a second motion for sanctions in which he claimed defendant intentionally destroyed documents. Again, there was little, if no, basis, for the motion. Defendant moved, in light of the impending dispositive motion deadline, that the

---

[2] Plaintiff was noticed up for deposition on several occasions. In defendant's last attempt before filing its motion for sanctions, plaintiff was properly noticed up for a deposition to take place on October 8, 2005. The day before the deposition was scheduled to occur, however, Mr. Chaganti, without giving adequate justification, e-mailed to cancel. Mr. Hoefer appeared for plaintiff's deposition with a court reporter and made a record of the non-appearance.

motions for sanctions be heard expeditiously. Mr. Chaganti then filed an overlength,[3] 21-page response opposing defendant's motion for sanctions and expedited hearing, in which he made arguments on the merits of the case, rehashed arguments made in his two motions for sanctions, and, once again, made unfounded attacks on defendant's counsel.

On October 20, 2005, after having never received the parties' proposed order regarding the scheduling of remaining depositions, the Court issued a show-cause order for failure to comply with a court order. The Court ordered the parties to appear at the Court's discovery docket on October 28, 2005, to address the pending motions for sanctions and show cause why they should not be sanctioned for failure to comply with the Court's orders.

At the October 28, 2005 hearing, Mr. Chaganti admitted he knowingly failed to comply with the Court's order. Despite defense counsel's attempts, Mr. Chaganti did not participate in the preparation of a proposed order for the Court's signature and, most importantly, refused to schedule the remaining depositions as ordered. At the hearing, the Court ruled it would impose sanctions against plaintiff's counsel for failure to produce his client at a properly noticed deposition and for failure to comply with the Court's orders.

Following the hearing, defendant moved for costs it incurred as a result of plaintiff's failure to appear for deposition. Plaintiff objected to the motion for costs. Mr. Chaganti then filed a motion for reconsideration of the Court's ruling, arguing that the Court had violated his due process rights by not giving him adequate notice of a possible sanction and by inequitably applying discovery deadlines.

On November 14, 2005, the Court issued a 19-page order in which it addressed issues from the

---

[3]Not only did Mr. Chaganti file overlength briefs, he also did not comply with the Court's local rules in that most, if not all, of his court filings were not double-spaced. See Local Rule 2.01.

October 28, 2005 hearing, as well as the court filings the parties had made thereafter. The Court ordered Mr. Chaganti to pay defense counsel $262.00 for failure to appear at a properly noticed deposition. The Court denied plaintiff's motions for sanctions and motion for reconsideration. The Court also set new deadlines for discovery and dispositive motions. In this order, the Court warned plaintiff his case would be dismissed if there was "any further obstruction of the discovery process by plaintiff or plaintiff's counsel." [Doc. 75] The Court also admonished plaintiff's counsel for accusing the Court of displaying favoritism toward defendant.

Plaintiff's counsel then filed another overlength motion and memorandum entitled "Motion for a Hearing Regarding the Court's Order of November 14, 2005." Plaintiff's counsel also filed a motion to amend the complaint to bring new claims under "additional legal theories." The motion to amend was file on November 21, 2005 – nine days before discovery was set to close. Defendant opposed the motion to amend. In an order dated November 29, 2005, the Court denied both motions.

On December 5, 2005, defendant moved for summary judgment.[4] Plaintiff's counsel did not initially respond to defendant's motion for summary judgment, instead he filed yet another overlength brief without leave of Court in support of a motion to strike the affidavit of Lynne Shapiro, an affidavit upon which defendant had relied in its summary judgment motion. In this motion, Mr. Chaganti also urged the Court to sanction defense counsel under Rule 11 and 28 U.S.C. § 1927 for filing a frivolous motion for summary judgment.

In the meantime, on December 12, 2005, defendant moved that the Court find Mr. Chaganti in contempt because he had not paid defense counsel $262.00, as ordered by the Court. On December

---

[4]For good cause shown relating to the availability of written deposition transcripts, the Court extended the dispositive motion deadline by five days and allowed defendant to exceed the page limit by five pages.

16, 2005, the Court issued another order to show cause, in which the Court ordered plaintiff's counsel to file a written response to defendant's motion for contempt by December 22, 2005. The Court also ordered that the parties appear for a hearing on the matter on December 29, 2005. Instead of complying with the Court's order, plaintiff's counsel filed an eight-page motion and memorandum to strike the motion for contempt, arguing defendant's motion was improper because defense counsel had failed to file a memorandum in support of its motion in violation of the local rules. Unbelievably, Mr. Chaganti also filed a motion to vacate the Court's order to show cause in which he argued that the Court had not given him adequate time to respond to defendant's motion, although the Court had, in fact, allowed plaintiff additional time to respond to the motion for contempt. Mr. Chaganti then filed a flurry of motions. On December 18, 2005, he filed a motion to strike deposition excerpts from defendant's statement of material facts and an untimely motion to compel production of documents. On December 19, 2005, he filed a motion for compensation of services and reimbursement for out-of-pocket expenses incurred in connection with the depositions of Counts, Armstrong, and Thompson.

On December 21, 2005, the Court ruled as frivolous plaintiff's motion to strike defendant's motion for contempt, plaintiff's motion to vacate the Court's order to show cause, plaintiff's motion to strike deposition excepts, plaintiff's motion for reimbursement of out-of-pocket expenses, and plaintiff's motion to compel production of documents. The Court held in abeyance plaintiff's motion to strike the affidavit of Lynne Shapiro. In the order, plaintiff's counsel was warned that his attempts to prolong and disrupt the orderly progression of the case would not be tolerated. The Court noted "plaintiff's counsel rarely follows any of the rules, procedures, and orders of the this Court, and complains that he cannot meet deadlines, yet finds time to file several lengthy frivolous motions in short

periods of time when he received adverse rulings. Plaintiff's counsel is warned that the Court has no further patience for his antics in filing frivolous motions." [Doc. 95]

The next day, on December 22, 2005, Mr. Chaganti finally filed response to the Court's show cause order. Then, on December 26, 2005, he filed a "Response to Order Denying Motion for Reimbursement of Costs for Unnecessary Depositions and Response to the Order Denying 'Daily Logs' Issue."

A show cause hearing was held on December 29, 2005. The Court took up the issue of Mr. Chaganti's failure to pay defendant $262.00 as ordered by the Court for his client's failure to appear for a scheduled deposition. At the hearing, Mr. Chaganti's admitted he was in contempt, and the reasons he gave for his failure to comply were not valid. Accordingly, the Court found plaintiff's counsel in contempt of court and ordered Mr. Chaganti to pay defense counsel the $262.00 sanction on or before January 2, 2006, or the Court would impose a daily fine of $100.00 until the sanction was paid. Predictably, following this ruling, Mr. Chaganti filed a motion to set aside the Court's December 29, 2005 contempt ruling. The motion was denied.[5]

In early January 2006, plaintiff's counsel again flaunted the Court's rules and filed a memorandum in opposition to defendant's motion for summary judgment that exceeded the page limit by 20 pages.[6] The filing was stricken from the record. The Court, however, then granted, in part, plaintiff's request to file an overlength brief, and allowed him to file a memorandum in excess of five

---

[5]On January 3, 2006, Mr. Chaganti filed a writ of mandamus with the Eighth Circuit Court of Appeals challenging the Court's contempt order. The writ was summarily denied on January 12, 2006.

[6]The memorandum also violated the Court's local rules in that it was not double spaced. So, in actuality, the memorandum was more than 20 pages over the page limit.

pages.[7]  With his opposition brief, Mr. Chaganti filed over 700 pages of deposition transcripts without identifying the portions thereof that created controverted issues of fact that precluded summary judgment.  He also indicated in his brief that legal citations had been omitted due to "unjustified page restrictions." [Doc. 110]  The response memorandum, however, contained long, nonsensical rambling and lengthy footnotes that contained irrelevant information.  The response memorandum also contained several unprofessional and inappropriate attacks on defendant and defense counsel, including comparing them to Nazi propagandists.

On January 18, 2006, defendant notified the Court that plaintiff's counsel had yet to pay the $262.00 sanction as ordered.  That same day, plaintiff's counsel then moved to stay the Court's contempt order.  In the motion,  Mr. Chaganti noted he was contemplating taking the issue "up on appeal as a collateral matter with the Eighth Circuit or to the Supreme Court on a Petition for a Writ." [Doc. 115].  The Court denied the motion to stay.  In the end, plaintiff's counsel did not pay the $262.00 sanction to defense counsel until January 26, 2006 – 63 days after he was originally ordered to pay the sanction, and 28 days after he was found in contempt.

---

[7]Interestingly enough, defendant then requested that it be allowed leave to file a 20-page reply brief – also five pages overlength.  Unlike plaintiff's counsel, defense counsel properly made the request prior to filing the memorandum.  Incredibly, after repeatedly ignoring the Court's rules and filing overlength briefs without leave of Court, Mr. Chaganti opposed the motion and moved that sanctions be entered against defendant.  The Court granted defendant's motion over plaintiff's counsel's objections.  On January 20, 2006, defendant filed a brief that spilled over onto the 21st page.  The very next morning, defense counsel moved to substitute a 20-page memorandum for the 21-page brief, noting there had been an error in formatting.  Unbelievably, Plaintiff's counsel then opposed the motion to substitute.  He argued in his opposition, "[i]f the rules and orders are applied evenly, the defendant should be held in contempt for violating the order to limit the filing to the page limit." [Doc. 119] Not only was Mr. Chaganti's opposition frivolous, he oppugned the integrity of the Court by suggesting that allowing the substitution and not sanctioning defendant or finding it in contempt would appear as favoritism to defendant over plaintiff.

On March 2, 2006, after the motion was fully briefed, the Court ruled in favor of defendant on defendant's motion for summary judgment. Plaintiff's counsel filed a motion to reconsider, vacate and set aside the judgment of March 2, 2006. Plaintiff's motion, which defendant opposed, was denied on April 12, 2006, for lack of jurisdiction. On April 12, 2006, plaintiff appealed to the Eighth Circuit "all prior orders of the District Court in this case." [Doc. 152] On April 26, 2007, the Eighth Circuit affirmed this Court's rulings and judgment in the case.

Following the entry of judgment by this Court, on March 22, 2006, defendant timely filed its motion for attorney's fees and bill of costs. Then on April 7, 2006, in light of a March 17, 2006 decision from this district regarding recoverable costs, defendant moved to amend its bill of costs to exclude costs incurred in videotaping and transcribing plaintiff's deposition. Plaintiff's counsel opposed the motion to amend and moved, without foundation, that sanctions be entered against defendant and defense counsel for failing to follow the local rules and for filing a false affidavit. Over Mr. Chaganti's objections, the Court allowed defendant to file an amended bill of costs and denied the motion for sanctions. Plaintiff opposes both defendant's motion for attorneys' fees and the bill of costs. And, in his opposition to defendant's motion for attorneys' fees, Mr. Chaganti once again requests the Court, without filing a proper motion or establishing foundation, to assess sanctions against defendant and defense counsel "for the bad faith motion." [Doc. 143]

## II. Attorneys' Fees

Defendant has moved for attorneys' fees not as a prevailing party, but under 28 U.S.C. § 1927 and the Court's inherent authority. Defendant moves that Mr. Chaganti, as opposed to plaintiff, pay the excess attorneys' fees it incurred as a result of Mr. Chaganti's bad faith, unreasonable, and vexatious multiplication of the proceedings in this case.

Under 28 U.S.C. §1927, a court may require counsel "to satisfy personally attorneys' fees reasonably incurred by an opposing party when counsel's conduct 'multiplies the proceedings in any case unreasonably and vexatiously.'"[8] Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1011 (8th Cir. 2006) (quoting 28 U.S.C. § 1927). "Section 1927 warrants sanctions when an attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" Id. (quoting Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003). See also Lee v. First Lenders Ins. Servs ., 236 F.3d 443, 445 (8th Cir. 2001); Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990). Sanctions imposed in accordance with 28 U.S.C. § 1927 are discretionary. Burull v. First Nat'l Bank of Minneapolis, 831 F.2d 788, 790 (8th Cir. 1987). But the Eighth Circuit has warned that "[b]ecause section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999) (quoting Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1416 (5th Cir. 1994)). Ultimately, "[t]he imposition of sanctions is a serious matter and should be approached with circumspection." O'Connell v. Champion Intern. Corp., 812 F.2d 393, 395 (8th Cir. 1987).

A court also has the inherent authority to assess attorney fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 33 (1991). See also Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978); Greiner v. City of Champlin, 152 F.3d 787, 798 (8th Cir. 1998); Doe v. Poelker, 515 F.2d 541, 547 (8th Cir. 1975), rev'd on other

---

[8]Section 1927 of Title 28 provides in full:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

grounds, 432 U.S. 519, (1977); <u>Van Deelen v. City of Kansas City, Mo</u>, 2006 WL 2077640 (W.D.Mo. Jul. 24, 2006). Under the court's inherent authority, excess costs and attorney fees may also be assessed against an attorney personally. "The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes." <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 766 (1980) (footnote omitted).

Defendant requests a total of $42,675.00 in attorneys' fees. Craig Hoefer, counsel for Mediq, states in a sworn affidavit that the fees requested represent fees incurred as a result of plaintiff's counsel's unreasonable and vexatious tactics in this case, and that the fees sought are attributable to the principal attorney on the matter and do not reflect the full amount of fees paid by Mediq. Attached to the affidavit is a summary of the fees sought. The summary separates the fees sought into eleven different categories. Under each category are detailed descriptions of the work performed, the name of the attorney performing the work,[9] the billing rate, the number of hours spent on the issue, and the total amount of fees sought per issue.

---

[9]Attorney Craig Hoefer performed all of the legal work that comprise the fees sought in defendant's motion, save for attendance at the December 29, 2005 contempt hearing. Mark Weisman attended the contempt hearing on behalf of defendant.

Defendant requests the following amount in fees for the following categories:

| Category | Time | Rate | Total |
| --- | --- | --- | --- |
| Defendant's Motion to Compel Discovery | 17.9 hours | $250.00 | $4475.00 |
| Defendant's Motion to Dismiss Individual Defendants for Failure to Timely Serve | 15.6 hours | 250.00 | 3900.00 |
| Defendant's Motion to Exclude Expert Testimony | 10.0 hours | 250.00 | 2500.00 |
| Defendant's Motion for a Protective Order Regarding Thompson Deposition | 5.0 hours | 250.00 | 1250.00 |
| Defendant's Response to Plaintiff's Motions for Sanctions | 17.3 hours | 250.00 | 4325.00 |
| Defendant's Motion for Sanctions | 16.6 hours | 250.00 | 4150.00 |
| Defendant's Memorandum in Opposition to Plaintiff's Motion for Reconsideration of Court's Award of Sanctions | 2.5 hours | 250.00 | 625.00 |
| Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint | 9.0 hours | 250.00 | 2250.00 |
| Defendant's Response to Plaintiff's Motions to Strike the Affidavit, to Strike Defendant's Motion for Contempt, to Vacate the Show Cause Order, to Strike Deposition Excerpts, to Compel Production, and for Compensation of Services. | 19.9 hours | 250.00 | 4975.00 |
| Contempt Hearing | 2.2 hours | 250.00 | 550.00 |
| Defendant's Motion for Summary Judgment | 54.7 hours | 250.00 | 13675.00 |
| | **Total amount requested** | | $42,675.00 |

The Court does not take lightly the issue of sanctions under either 28 U.S.C. § 1927 or the Court's inherent power, but it feels strongly that sanctions against Mr. Chaganti are warranted in this case. Mr. Chaganti disregarded and flaunted the rules of this Court. He deliberately and without justification ignored orders from the Court, including a contempt order. He did not participate in

discovery in good faith and caused these proceedings to be unreasonably delayed thereby. He waged unfounded attacks on the personal and professional integrity of defense counsel and the Court. As detailed above, Mr. Chaganti's misconduct occurred repeatedly, even after he had been warned. Plaintiff's counsel unreasonably hampered the orderly progression of this litigation, thereby multiplying the proceedings and causing defendants and the Court to devote unnecessary time and resources to the case. The Court finds Mr. Chaganti's conduct demonstrates intentional and reckless disregard of his duties as an officer of the Court, and therefore sanctions are warranted under both 28 U.S.C. § 1927 and the Court's inherent authority.

Although the Court finds Mr. Chaganti should be sanctioned, defendant is not entitled to recover fees for all the categories requested. First, defendant requests $13,675.00 in fees it incurred in preparing a motion for summary judgment. The Court finds defendant is not entitled to fees attributable to defendant's motion for summary judgment. In employment cases, it is almost de rigueur that defendants will file a motion for summary judgment. And while many of plaintiff's claims were without any legal validity, some of the claims were not frivolous. Defendant does note in its summary of fees that in regard to fees requested for summary judgment that the "[t]otal hours [have been] reduced by the approximate amount of time devoted to responding to issues lacking in any legal basis or to claims that were abandoned." The description of the work performed, however, does not allow the Court to review the issues on summary judgment for which defendant is seeking reimbursement. Without documentation to conduct a proper review, the Court will subtract $13,675.00 from the fee award.

Second, defendant requests $3,900.00 in fees for work incurred in preparing a motion to dismiss the individual defendants for failure to timely serve. At the time the motion was made, these individual defendants were not represented by defense counsel, and they were not in defendant's employ.

Although the individual defendants were not served in a timely manner, and they were ultimately dismissed, the Court finds defendant is not entitled to fees incurred in bringing this motion because the fees were not the result of sanctionable misconduct.

Third, defendant requests $2,500.00 in fees for work performed in preparing and arguing defendant's motion to exclude the expert testimony of plaintiff's treating physicians. Although defendant did prevail on this issue, the Court does not find these fees were the result of sanctionable misconduct. While the language in the case management order states a treating physician will not be treated as an expert in the absence of a proper designation, the issue arises in many of the Court's cases. The Court, therefore, does not find theses fees should be sanctioned against plaintiff's counsel.

Fourth, the Court does not find defendant is entitled to all of its fees related to its motion to compel plaintiff's responses to written discovery. Unfortunately, it is a fact of modern litigation that parties will engage in discovery disputes – some of which are legitimate and some of which are mere posturing. The Court cannot find plaintiff's counsel's conduct regarding the underlying motion was unreasonable and sanctionable because the parties had reached an oral agreement prior to the telephone conference with the Court. It is the Court's understanding, however, that Mr. Chaganti was unwilling to put the agreement into writing, causing defendant to incur unnecessary and additional fees and ultimately for the Court to issue a show cause order. The Court finds such conduct would be sanctionable, however, defendant has not separated the fees incurred in preparing the motion to compel from the fees incurred in attempting to memorialize its agreement with plaintiff's counsel. Because there is inadequate documentation, the Court will not award the $4,475.00 in fees defendant incurred in connection with defendant's motion to compel written discovery.

As for issues for which defendant is entitled to fees, the Court finds fees incurred for the following issues were entirely unnecessary and were the direct result of plaintiff's counsel's vexatious and intentional multiplication of the proceedings: (1) work defense counsel devoted to moving for a protective order when plaintiff's counsel had noticed up the deposition of Mr. Thompson, with less than one day's notice, for which defendant has requested $1,250.00 in fees; (2) work performed responding to plaintiff's motions for sanctions, for which defendant has requested $4,325.00 in fees; (3) work performed preparing defendant's motion for sanctions, which was based on the fact plaintiff's counsel improperly cancelled plaintiff's scheduled deposition without adequate justification, for which defendant has requested $4,150.00 in fees; (4) work performed responding to plaintiff's counsel's unsupported motion for reconsideration of the Court's sanctions award, for which defendant has requested $625.00 in fees; (5) work performed responding to plaintiff's counsel's unfounded and eleventh-hour motion to amend the complaint, for which defendant requests $2,250.00 in fees; (6) work devoted to responding to a string of motions, most of which were frivolous, that plaintiff's counsel filed in December 2005 and January 2006, including plaintiff's motion to strike Lynne Shapiro's affidavit,[10] plaintiff's motion to strike defendant's motion for contempt, plaintiff's motion to vacate the Court's show cause order, plaintiff motion to strike deposition excerpts, defendant motion to compel production of documents, and plaintiff's motion for compensation of services, for which defendant requests $4,975.00 in fees; (7) fees incurred in attending the contempt hearing, for which defendant requests $550.00 in fees.

---

[10]It was entirely improper for plaintiff's counsel to have raised the issue of the affidavit on a motion to strike. Plaintiff's counsel should have raised the issue in his response to defendant's summary judgment motion. Plaintiff's counsel unreasonably caused defendant to incurred unnecessary and additional work by filing a separate motion. Furthermore, the Court ultimately ruled the affidavit was admissible, and it rejected all of plaintiff's counsel's arguments regarding the affidavit, many of which had no legal basis.

Defense counsel devoted a total of 72.5 hours to these seven issues, all of which could have been avoided absent Mr. Chaganti's unreasonable conduct. Being "intimately familiar[ ] with the case, parties, and counsel," O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir. 1987), and more particularly, Mr. Chaganti's tactics and conduct, the Court believes 72.5 hours is in all likelihood conservative. But, based on the documentation before it, the Court will award defendant attorneys' fees for these hours in the amount of $18,125.00 to be taxed against Mr. Chaganti personally.[11] The Court finds this amount to be more than reasonable and a proportionate sanction in light of Mr. Chaganti's antics. While the Court recognizes counsel must zealously represent his clients, he is not entitled to abuse his standing as an officer of this Court. It is the Court's hope this sanction might also discourage Mr. Chaganti from a repeat performance, should he chose to appear before this Court in the future.

---

[11]In his opposition, plaintiff's counsel argues defense counsel has not adequately documented his hours or established the basis for his hourly rate. The Court notes that the Eighth Circuit has held "a sanctioning court must make an effort to isolate the additional costs and fees incurred by reason of conduct that violated § 1927. But the task is inherently difficult and precision is not required." Lee v. First Lenders Ins. Servs., 236 F.3d 443, 446 (8th Cir. 2001) (citing to Fox Valley Constr. Workers Fringe Benefits Fund v. Pride of Fox Masonry & Expert Restorations, 140 F.3d 661, 667 (7th Cir. 1998)) (affirming attorneys' fees sanction under § 1927 where district court had approximated and discounted amount of fee requested) (emphasis added). Although sanctions under § 1927 do not require the same amount of precision as an award of fees under a fee-shifting statute, in this case, using defendant's documentation, the Court was able to calculate fees using the lodestar method as prescribed in Hensley v. Eckerhart, 461 U.S. 424 (1983). The fact defense counsel did not provide affidavits as to the reasonableness of his hourly rates does not defeat defendant's attorneys' fees request. The Court takes judicial notice that $250.00 is a reasonable rate for an experienced partner practicing employment law in the St. Louis metropolitan area. Geissal ex rel. Estate of Geissal v. Moore Med., Corp., 338 F.3d 926, 935 (8th Cir. 2003) (affirming district court's setting of $250.00 as a reasonably hourly rate for an employment attorney in St. Louis).

### *III. Bill of Costs*

In addition to attorneys' fees, defendant also requests its costs as the prevailing party in this suit. Defendant has filed a bill of costs seeking a total of $3,562.24 in costs. It is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted). Allowable costs, however, are generally limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442-43 (1987). Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982); Davis v. Parratt, 608 F.2d 717, 718 (8th Cir. 1979).

Here, defendant has requested three categories of costs: deposition costs, including transcripts and court reporter fees; photocopying expenses; and fees for witnesses. Plaintiff has objected to all three categories.[12] The Court will address in turn each item of cost sought by defendant.

---

[12]Plaintiff also argues the Court no longer has jurisdiction to rule on defendant's bill of costs because defendant's amended bill of costs was filed more than twenty (20) days after judgment was entered in the case. The Court does not agree. Defendant originally filed its bill of costs within the time allowed under the Court's local rules. Defendant, however, realizing it had requested costs that were ruled unallowable in a very recent court decision from this district, moved that it be allowed to amend its bill of costs to remove costs associated with plaintiff's videotaped deposition. The Court granted leave and allowed defendant to file an amended bill of costs. The amendment, filed 36 days after

## A.    *Transcript and Deposition Costs*

Defendant seeks a total of $3,26.08 for transcripts costs and/or court reporter attendance fees incurred in eight depositions of the following witnesses: Shazia Malik, M.D., Susan Yates, M.D., Kendra Miller, Brad Thompson, Dave Armstrong, Chris Counts, and two of the plaintiff. Plaintiff objects to the taxation of costs associated with all of the depositions taken by defendant. Plaintiff contends that only the deposition costs of Lynne Shapiro, who was not even deposed, should be allowed because it was Ms. Shapiro's affidavit upon which defendant based its motion for summary judgment. Plaintiff argues the depositions for which defendant seeks costs were taken purely for investigative and discovery purposes, which plaintiff maintains is substantiated by the fact they were not used in support of defendant's motion for summary judgment. Plaintiff also argues, without any supporting authority, that defendant is not entitled to recover the costs for copies of deposition transcripts from witnesses plaintiff's counsel deposed. The Court does not agree with either of plaintiff's arguments.

The Court has broad discretion to tax costs of depositions that are reasonably necessary to the case and that were not taken purely for investigative purposes. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997); Slagenweit v. Slagenweit, 63 F.3d 719, 720 (8th Cir. 1995); Koppinger v. Cullen-Schiltz & Assocs., 513 F.2d 901, 911 (8th Cir. 1975). Absent specific objections that depositions were improperly taken, "deposition costs will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920." Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982) (internal quotations and citation omitted). The Court finds, given the role of the

---

entry of judgment, neither displaced the Court's jurisdiction to rule on costs nor constituted a waiver on the right to seek of costs on the part of the defendant. This is especially true is light of the fact that defendant is not requesting addition costs in the amended bill of costs, but is actually subtracting costs from the original bill of costs.

persons deposed in the events underlying the action, that the deposition costs for which defendant seeks reimbursement were reasonably and necessarily incurred for use in the case. See Id. Despite the fact that defendant did not rely in its motion for summary judgment on testimony from each of these eight deposition transcripts, all of the eight witnesses were on plaintiff's proposed "will call" list of witnesses for trial. Accordingly, defendant has established to the Court's satisfaction that the depositions of these witnesses "reasonably seemed necessary at the time they were taken." See Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996) (depositions were necessarily obtained for us in the case where the deponents were potential trial witnesses). See also Morrissey v. County Tower Corp., 568 F. Supp. 980, 982 (E.D. Mo. 1983). Defendant has also established that copies of deposition transcripts of the witness deposed by plaintiff's counsel were also necessary. See Anderson v. Christian Hosp. N.E.-N.W., 100 F.R.D. 497, 498 (E.D. Mo. 1984); Morrissey, 568 F. Supp. at 982-83; Meder, 553 F. Supp. at 150. Plaintiff's objections to taxing of the costs of the deposition will be overruled. Costs incident to the taking of depositions will be taxed in the amount of $3,26.08.[13]

### B.  Fees for Witnesses

Defendant seeks the sum of $120.00 in connection with witness fees. Three witnesses, Shazia Malik, M.D., Susan Yates, M.D., and Brii R. Vaid, M.D., were each paid witness fees in excess of $40.00. Defendant, however, has only requested $40.00 per witness, which is the amount allowed under the Federal Rule of Civil Procedure 54(d) ("[a] witness shall be paid an attendance fee of $40 for each day's attendance"); Crawford Fitting Co., 482 U.S. at 440-41.

---

[13] Plaintiff also objects that "postage and handling" fees and fees incurred in videotaping a deposition are not allowed under 28 U.S.C. § 1920. It is plain from defendant's amended schedule of costs and supporting documentation that defendant has subtracted any such costs from the amount requested in its bill of costs. In fact, it was for this reason defendant filed an amended schedule for its bill of costs, to which plaintiff objected.

Plaintiff has made the same objections to reimbursement of witness fees as he did to the deposition costs. The Court rejects plaintiff's arguments on the grounds discussed above. The Court finds defendant is entitled to taxation of the costs for these three witnesses. _Morrissey_, 568 F. Supp. at 982. Accordingly, costs for fees and disbursements for witnesses will be taxed in the amount of $120.00.

### C.    *Photocopies*

Defendant seeks the sum of $182.16 in connection with fees for exemplification and copies of papers, which it asserts were necessarily obtained for use in this case. Defendant's amended schedule and itemized statements show the date on which each copy was made, the per-page cost of ten cents (10¢), and the general categories into which the copies fall. Defendant seeks costs for the following duplication of documents:

(a)    $20.20 for documents produced pursuant to plaintiff's document productions requests;

(b)    $113.80 for documents produced pursuant to plaintiff's second document product requests;

(c)    $7.40 for exhibit to memorandum in support of sanctions;

(d)    $26.20 for exhibits to statement of material facts;

(e)    $1.30 for exhibits to memorandum in opposition to plaintiff's motion to strike affidavit of Lynne Shapiro;

(f)    $3.70 for exhibits to reply to plaintiff's opposition to motion for summary judgment;

(g)    $9.56 for exhibits and documents to support pretrial compliance.

Copying costs may be taxed only if the copied items were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); _Morrissey_, 568 F. Supp. at 982. Amounts sought for copy expenses must

be documented or itemized in such a way that the Court can meaningfully evaluate the request. <u>Yaris v. Special Sch. Dist. of St. Louis County</u>, 604 F. Supp. 914, 915 (E.D. Mo. 1986).

In opposing defendant's request for copying costs, plaintiff does not object to defendant's documentation, but rather he argues photocopying was not necessary in this case because this was "an electronic filing case." [Doc. 145]  The Court agrees with plaintiff that electronic filing has decreased the need for photocopying, however, it has not eliminated it.  As is evident from defendant's schedule of costs, the photocopying costs for which defendant seeks reimbursement are those associated with documents produced in discovery and materials provided to the Court, which requires courtesy copies of certain documents, including pre-trial compliance documents.  The Court finds defendant's request is adequately documented and itemized, and it has established that the copies were necessarily obtained for use in this case and the expense was reasonable.  <u>Yaris</u>, 604 F. Supp. at 915; <u>Morrissey</u>, 568 F. Supp. at 982.  Therefore, the Court will allow defendant photocopying costs in the amount of $182.16.

For the reasons set forth in this memorandum, the Court will direct the Clerk of the Court to tax the following costs in favor of plaintiff:

| | |
|---|---|
| Transcripts and Deposition Costs | $3,260.08 |
| Witness Fees | 120.00 |
| Copying Expenses | <u>183.16</u> |
| TOTAL TAXABLE COSTS | <u>$3,562.24</u> |

## IV. Contempt Sanction

As detailed above, on November 14, 2005, plaintiff's counsel was ordered to pay $262.00 to defense counsel within ten (10) days of the date of the order for Mr. Chaganti's failure to comply with the Court's orders and for his failure to produce his client at a properly noticed deposition on October 8, 2005. This order was entered following a show cause order, where plaintiff's counsel had an opportunity to respond in writing, and a hearing, where plaintiff's counsel had the opportunity to be heard. Mr. Chaganti willfully ignored the Court's order and did not tender the $262.00 within the time allowed.

Then, on December 16, 2005, after having been informed by defendant that Mr. Chaganti failed to pay the $262.00 sanction, the Court issued a second show cause order. Plaintiff's counsel was again allow to respond to the show cause order in writing, and a second show cause hearing was held on December 29, 2005, at which time plaintiff's counsel was given the opportunity to be heard. At the hearing, Mr. Chaganti was found to be in civil contempt, and he was ordered to pay the $262.00 to defense counsel no later than January 2, 2006 at 5:00 p.m. It was further ordered that commencing January 3, 2006, a fine of $100.00 a day would be imposed against Mr. Chaganti until he fully complied with the Court's order.

Mr. Chaganti, again, willfully ignored the Court's order. Mr. Chaganti did not deliver a check in the amount of $262.00 to defense counsel until January 26, 2006. Having found plaintiff's counsel to be in contempt of court, the Court will, pursuant to its December 29, 2005 order, fine Mr. Chaganti $100.00 a day for the 23 days he failed to deliver payment to defense counsel after January 2, 2006. Mr. Chaganti was given adequate warning that the fine would be imposed, and it is a proportionate response to Mr. Chaganti's brazen defiance of the Court's orders in this action.

Accordingly,

**IT IS HEREBY ORDERED** defendant's motion for attorneys' fees is **GRANTED** in part. [Doc. 138]

**IT IS FURTHER ORDERED** that plaintiff's counsel, Naren Chaganti, shall pay defendant Mediq/PRD Life Support Services, Inc. Eighteen Thousand One Hundred Twenty-Five Dollars ($18,125.00) within twenty (20) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs of this matter in favor of defendant Mediq/PRD Life Support Services, Inc. in the amount of Three Thousand Five Hundred Sixty-Two Dollars and Twenty-Four Cents ($3,562.24). [Doc. 150]

**IT IS FURTHER ORDERED** that plaintiff's counsel, Naren Chaganti, shall remit Two Thousand Three Hundred Dollars ($2,300.00) to the Clerk of Court within twenty (20) days of the date of this Order.

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this _____22nd_____ day of August, 2007.