UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HARSH KATOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:04-CV-938 CAS |
| | ) | |
| MEDIQ/PRN LIFE SUPPORT SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is defendant Mediq/PRD Life Support Services, Inc.'s ("Mediq" or "defendant") motion for contempt. Defendant moves that plaintiff's counsel, Naren Chaganti be found in contempt of court for his failure to comply with the Court's order dated August 22, 2007. In this order, the Court found plaintiff's counsel's conduct, which unreasonably hampered the orderly progression of this case, warranted an award of attorneys' fees pursuant to 28 U.S.C. § 1927 and the Court's inherent powers. Plaintiff's counsel was ordered to pay defendant $18,125.00 in attorneys' fees within twenty (20) days of the date of the order. In this same order, the Court fined Mr. Chaganti for failing to comply in a timely manner with a previous order of contempt. As detailed in the August 22, 2007 order, Mr. Chaganti was given adequate notice that the Court would impose such a fine, and he was ordered to remit $2,300.00 to the Clerk of Court within twenty (20) days of the date of the order. To date, Mr. Chaganti has paid neither the award of attorneys' fees nor the fine to the Court. And, while plaintiff's counsel has appealed the August 22, 2007 order, he has not moved for a stay of the order or posted an appeal bond.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that Mr. Chaganti has yet to pay the fine imposed by the Court in its August 22, 2007 order. It also appears to be undisputed that Mr. Chaganti has failed to pay defendant attorneys' fee as ordered. At this point, the burden shifts to Mr. Chaganti to show an inability to comply with the Court's August 22, 2007 order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that attorney Naren Chaganti is ordered to show cause why he should not be held in contempt of Court for failure to comply with the Court's order to pay

defendant $18,125.00 in attorneys' fees and to remit $2,300.00 to the Clerk of Court, as detailed in an Order dated August 22, 2007.

**IT IS FURTHER ORDERED** that a hearing is set for Friday, **December 11, 2007**, at 11:00 a.m. in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which attorney Naren Chaganti may show cause why civil contempt sanctions should not be imposed against him for failure to comply with the Order of August 22, 2007. Because incarceration is a possible civil contempt sanction, Mr. Chaganti has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Mr. Chaganti to arrest by the United States Marshal's Service.

                              **CHARLES A. SHAW**
                              **UNITED STATES DISTRICT JUDGE**

Dated this 15th day of November, 2007.