## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HARSH KATOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04-CV-938 CAS |
| | ) |
| MEDIQ/PRN LIFE SUPPORT SERVICES, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court regarding the Show Cause Hearing held on this date. The Court ordered plaintiff's counsel, Mr. Naren Chaganti, to appear before the Court to show cause why he should not be held in contempt for failure to comply with the Court's Order of August 22, 2007. In that Order, Mr. Chaganti was ordered to pay, pursuant to 28 U.S.C. § 1927, defendant Mediq/PRD Life Support Services, Inc.'s attorneys' fees in the amount of $18,125.00 within twenty (20) days of the date of the Order. In this same Order, the Court fined Mr. Chaganti for failing to comply in a timely manner with a previous order of contempt. Consistent with the prior contempt order, Mr. Chaganti was fined $100.00 a day for each day he was in non-compliance, and was ordered to remit $2,300.00 to the Clerk of Court within twenty (20) days of the date of the August

22, 2007 Order.[1] To date, Mr. Chaganti has paid neither the award of attorneys' fees nor the fine to the Court.

In the Show Cause Order dated November 15, 2007, Mr. Chaganti was ordered to appear before this Court on this date to show cause why he should not be held in contempt of court for failure to comply with the August 22, 2007 Order. The Show Cause Order specifically noted Mr. Chaganti should come prepared to discuss his inability to comply with the Court's Order:

> At this point, the burden shifts to Mr. Chaganti to show an inability to comply with the Court's [August 22, 2007 O]rder. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply." (internal citations omitted)

Mr. Chaganti did not come to the hearing prepared to discuss his inability to comply with the Court's August 22, 2007 Order as he had been ordered, instead he was intent on airing what he perceives as the injustices of the underlying case. When asked why he should not be found in contempt, he attempted to re-argue the merits of the case, which has already been affirmed on appeal.

---

[1] On November 14, 2005, Mr. Chaganti was ordered to pay $262.00 to defense counsel for Mr. Chaganti's failure to comply with the Court's orders and for his failure to produce his client at a properly noticed deposition. This order was entered following a show cause order and a hearing, where plaintiff's counsel had the opportunity to be heard. Mr. Chaganti willfully ignored the Court's order and did not tender the $262.00 within the time allowed. Then, on December 16, 2005, after having been informed that Mr. Chaganti failed to pay the $262.00 sanction, the Court issued a second show cause order. A second show cause hearing was held on December 29, 2005. At the hearing, Mr. Chaganti was found to be in civil contempt, and he was ordered to pay the $262.00 to defense counsel no later than January 2, 2006 at 5:00 p.m. It was further ordered that commencing January 3, 2006, a fine of $100.00 a day would be imposed against Mr. Chaganti until he fully complied with the Court's order. Mr. Chaganti, again, willfully ignored the Court's order. Mr. Chaganti did not deliver a check in the amount of $262.00 to defense counsel until January 26, 2006 – 23 days after the Court had ordered him to do so.

When pinned to the task, Mr. Chaganti did not assert he was unable to comply, but rather argued that he had appealed the August 22, 2007 ruling, and had filed a motion to stay with this Court. When asked directly about his ability to comply with the Court's August 22, 2007 Order, Mr. Chaganti refused to respond and requested more time to do legal research and prepare a response. In fact, Mr. Chaganti refused to discuss any details about his financial situation.

*Discussion*

It is firmly established that "the power to punish for contempt is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). A district court may impose civil contempt sanctions for one of two purposes: to compensate parties aggrieved by contumacious conduct or to coerce compliance with the court's orders. United States v. United Mine Workers, 330 U.S. 258, 303 (1947). The court should determine the amount of the sanction only after considering "the character and magnitude of the harm threatened by continued contumacy," "the probable effectiveness of any suggested sanction in bringing about the result desired," and "the amount of [the contemnor's] financial resources and the consequent seriousness of the burden" to that particular party. Chaganti & Associates, P.C. v. Nowotny, 470 F.3d 1215, 1224 (8th Cir. 2006) (citing United Mine Workers, 330 U.S. at 303). When a sanction is designed to coerce a party to comply, the sanction should be payable to the court, rather than to the opposing party. Id.

The Court finds that the facts presented today warrant a finding that Mr. Chaganti in contempt of court by clear and convincing evidence. See Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000); Independent Fed. of Flight Attendants v. Cooper, 134 F.3d 917, 920 (8th Cir. 1998). The reasons given by Mr. Chaganti for his failure to comply with the

3

Order are not valid, and he has not shown an inability to pay. See Chicago Truck Drivers, 207 F.3d at 505 (citing United States v. Rylander, 460 U.S. 752, 757 (1983)).

The Court further finds that a stay of the August 22, 2007 Order is not warranted. The Court views Mr. Chaganti's motion to stay as an eleventh hour attempt to avoid sanctions. The motion to stay was not filed at the time of his appeal. Instead, Mr. Chaganti chose to ignore the Court's Order for over two months. It was not until the Show Cause Order was issued on November 15, 2007, and he was facing sanctions, that Mr. Chaganti filed a motion to stay. Furthermore, the one-page motion provided no legal support for staying the August 22, 2007 Order. Mr. Chaganti merely writes that the likelihood of reversal is "great," and asserts without any explanation that irreparable harm would result if a stay were not imposed.

Defendant's counsel oppose the motion to stay, but request that Mr. Chaganti be required to post a bond should the Court entertain his request. They expressed concerns that Mr. Chaganti's residence is unknown, that he practices in Missouri and California, and that he is native to India and frequently visits that country. The Court concurs there is a potential risk of non-payment and believes a $25,000.00 bond would be a reasonable precaution should the August 22, 2007 Order be stayed. At the hearing, however, Mr. Chaganti flatly refused the idea of posting any sort of bond. Based on all of these circumstances, the Court finds a stay is not warranted, nor is it a viable option in this case.

The Court is aware that either a fine or incarceration may be used in contempt proceedings to accomplish the purpose of coercion. Chicago Truck Drivers, 207 F.3d at 505. At this time, the Court will continue to use monetary sanctions in an attempt to coerce Mr. Chaganti into complying with the August 22, 2007 Order. Because Mr. Chaganti refused to provide information regarding his financial circumstances, the Court only can rely on Mr. Chaganti's prior conduct in assessing the

appropriate amount of sanctions necessary to induce conformance. Throughout these proceedings Mr. Chaganti has behaved as if the rules of this Court do not apply to him, and he has flaunted the Court's orders, including the very Show Cause Order which brought him here today. A prior order of contempt was the basis for the $2,300.00 fine imposed in the August 22, 2007 Order, which Mr. Chaganti now refuses to pay. As the $100.00 per day penalty proved to be an insufficient incentive to induce Mr. Chagnti to pay a mere $262.00 fine, the Court feels it is compelled to carry a bigger stick to achieve compliance here. Therefore, if Mr. Chaganti does not pay the $18,125.00 in attorneys' fees to defendant and the $2,300.00 fine to the Clerk of Court before 4:00 p.m. on December 28, 2008, the Court will impose a fine of $500.00 per day, to be made payable to the Court, until such amounts are paid.

Mr. Chaganti is warned that if he fails to pay the fine and defendant's attorney's fees as ordered, and it appears that the monetary fines are not sufficient inducements to compliance, the Court reserves the right to order that Chaganti be incarcerated until he pays the fines and fees.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for contempt of court is **GRANTED**. [Doc. 167]

**IT IS FURTHER ORDERED** that plaintiff's counsel, Naren Chaganti, is found in civil contempt of this Court.

**IT IS FURTHER ORDERED** that plaintiff's counsel's motion to stay is **DENIED.** [Doc. 175]

**IT IS FURTHER ORDERED** that no later than December 28, 2007 at 4:00 p.m., plaintiff's counsel, Naren Chaganti, shall pay defendant Mediq/PRD Life Support Services, Inc. Eighteen

5

Thousand One Hundred Twenty-Five Dollars ($18,125.00), and shall remit Two Thousand Three Hundred Dollars ($2,300.00) to the Clerk of Court, as previously ordered by this Court on August 22, 2007.

**IT IS FURTHER ORDERED** that commencing December 29, 2007, a fine of $500.00 (Five Hundred Dollars) per day will be imposed against Mr. Naren Chaganti until there is full and complete compliance with the Court's Order of August 22, 2007.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this \_\_11th\_\_ day of December, 2007.